UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 7

Meredith Lupsor,                                Case No. 11-69067

    Debtor.                             Hon. Phillip J. Shefferly
_____/

Tomas Lupsor, Toma Lupsor, and                  Adversary Proceeding
Bozica Lupsor,                                  No. 12-04266-PJS

    Plaintiffs,

v.

Meredith Lupsor,

    Defendant.
_____/

### ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING

On February 13, 2012, the Plaintiffs filed this adversary proceeding pro se. On March 14, 2012, the Defendant filed a motion to dismiss. On April 23, 2012, the Court held a hearing on the motion. At the conclusion of the hearing, the Court granted the Defendant's motion with respect to most of the counts set forth in the Plaintiffs' complaint. However, the Court did not dismiss that portion of the complaint that requested a determination of a non-dischargeable debt under § 523(a)(8) of the Bankruptcy Code. The Court observed that the Plaintiffs' pro se complaint did not sufficiently plead a claim for relief under § 523(a)(8) of the Bankruptcy Code but, in view of the fact that the Plaintiffs were proceeding pro se, the Court determined not to dismiss that portion of the complaint seeking such relief, and instead permitted the Plaintiffs to file an amended complaint for relief under § 523(a)(8) of the Bankruptcy Code. The Court also encouraged the Plaintiffs to

obtain an attorney to represent them in connection with the prosecution of this adversary proceeding. On the same date, the Court entered an order (docket entry no. 17) memorializing the Court's rulings and fixing the time for the Plaintiffs to file the amended complaint.

On May 23, 2012, the Plaintiffs filed a pro se amended complaint (docket entry no. 20). The title to the amended complaint refers to § 523(a)(8) of the Bankruptcy Code. Several exhibits are attached to the amended complaint.

On June 6, 2012, the Defendant filed a motion (docket entry no. 22) to dismiss the amended complaint. The Defendant's motion asserts that the amended complaint fails to state a claim upon which relief may be granted under § 523(a)(8) of the Bankruptcy Code and, therefore, must be dismissed under Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012. On July 2, 2012, the Defendant filed a certificate of no response (docket entry no. 23) to her motion to dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570). In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true . . . . A court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001) (citations omitted).

"The Supreme Court has instructed courts to hold pleadings filed by *pro se* litigants to a less stringent standard than those filed by lawyers, but has 'never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" Englington v. Loyer (In re G.A.D., Inc.), 340 F.3d 331, 335 (6th Cir. 2003) (quoting

-2-

McNeil v. United States, 508 U.S. 106, 113 (1993) and citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

After carefully reviewing the Plaintiffs' pro se amended complaint, the Court concludes that the Defendant's motion to dismiss must be granted. The Plaintiffs did not respond to the Defendant's motion to dismiss. Although that fact alone could provide a basis to grant the motion, because the Plaintiffs are appearing pro se, the Court has independently examined the amended complaint to see if it is sufficient under Rule 12(b)(6). However, even construing the amended complaint in a light most favorable to the Plaintiffs, and accepting all of its factual allegations as true, the Court agrees with the Defendant that the amended complaint does not set forth sufficient facts to entitle the Plaintiffs to a non-dischargeable judgment under § 523(a)(8) of the Bankruptcy Code. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's motion (docket entry no. 22) to dismiss the Plaintiffs' amended complaint (docket entry no. 20) is granted, and this adversary proceeding is dismissed.

.

**Signed on July 18, 2012**

                                         **/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**